IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don S. Maness, III, #370865, and Russell C. Geissler, #349604,<br><br>Plaintiffs,<br><br>vs.<br><br>Mr. Williams, Warden, McCormick C.I.; Mr. Roberts, Assoc. Warden, M.C.I.; Mr. Wolff, Maintenance, M.C.I.; and Ms. Moss, Kitchen Supervisor, M.C.I.,<br><br>Defendants. | C/A No.: 1:18-1559-DCN-SVH<br><br><br><br>ORDER |

      This complaint is filed by two inmates incarcerated in McCormick Correctional Institution in the South Carolina Department of Corrections. Plaintiffs filed this complaint seeking to litigate civil rights claims. [ECF No. 1]. Under Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

TO PLAINTIFFS:

      Multiple plaintiffs may not proceed in a single case under the Prison Litigation Reform Act ("PLRA"). The Fourth Circuit has held that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action," as "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001) (holding that, under the PLRA, each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee). In a lawsuit, each plaintiff's claims are unique to that particular plaintiff, and any damages awarded would need to be determined individually. Further, the court may be presented with a situation where some plaintiffs have complied with the exhaustion requirement of the PLRA and others have not. See 42 U.S.C. § 1997e(a). Finally, each plaintiff must be notified separately of court

documents, orders, and deadlines. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

If plaintiffs wish to proceed with this case, they must comply with the instructions below. If plaintiffs do not comply with the instructions within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.

Within 21 days from the date this order, Plaintiffs are directed to:

1) Complete, sign, and return the enclosed standard complaint form. Briefly state the facts of your claim against the party or parties you intend to name as defendants in the "statement of claims" section, and what relief you request.

2) Fully complete one summons form which lists every defendant named in this matter. In the space following "TO: (Defendant's name and address)," Plaintiff is required to provide a complete name and a full address where each defendant can be served pursuant to Fed. R. Civ. P. 4. Plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are." Handwritten information must be printed and legible. Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins. If it is necessary to list additional defendants whose names and street addresses do not fit in the space on the summons form preceded by "TO: (Name and address of Defendant)," Plaintiff must attach an additional page of letter-sized (eight and one-half inches by eleven inches) paper listing additional defendants and service addresses. Blank forms are attached for Plaintiffs use.

3) Fully complete, sign, and return a Form USM-285 for defendants named in this case. Only one defendant's name and street address should appear on each form. Defendant's name and street address should be placed in the spaces preceded by the words, "SERVE AT." Plaintiff's

name and address should be placed in the space designated, "SEND NOTICE OF SERVICE COPY TO . . .," and Plaintiff should sign where the form requests, "Signature of Attorney or other Originator . . . ." Plaintiff must provide defendant's complete street address on the form (not a post office box address). Plaintiff must provide, and is responsible for, information sufficient to identify defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately-identified defendant, and unserved defendants may be dismissed as parties to this case. Blank forms are attached for Plaintiffs use.

Each plaintiff is a pro se litigant. Plaintiffs' attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

TO THE CLERK OF COURT:

The Clerk of Court is instructed that this case shall be associated only with the first-named Plaintiff, Don S. Maness, III. Therefore, the Clerk of Court is directed to remove Russell C. Geissler as Plaintiff in this case. The Clerk is further directed to assign a separate civil action number to Plaintiff Russell C. Geissler. The Clerk shall file this Order as the initial docket entry in the newly created case and shall re-file the instant Complaint and Plaintiff Russell C. Geissler's Motion for Leave to Proceed in forma pauperis as subsequent docket entries in the newly created action. The Defendants in the newly created case will be the same Defendants listed in this case. The Clerk

is authorized to determine the most efficient way and time for assigning and entering the new case numbers, party information, and pleading information on the court's electronic case management system.

The Clerk shall mail a copy of this order, 42 U.S.C. § 1983 complaint packets, summons (Form AO 440), and Forms USM-285 to each Plaintiff. The Clerk of Court shall not enter any change of address submitted by Plaintiffs which directs that mail be sent to a person other than Plaintiffs unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

IT IS SO ORDERED.

June 21, 2018  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**Plaintiff's attention is directed to the important WARNING on the following page.**

IMPORTANT INFORMATION: PLEASE READ CAREFULLY

WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **ALL** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be **"blacked out"** or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

(a) **Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
(b) **Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
(c) **Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
(d) **Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).