IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Russell Geissler, | ) | C/A No. 1:18-cv-01897-SAL |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION & ORDER** |
| Mr. Williams, Warden, McCormick; Mr. Wolfe, Maintenance; Ms. Moss, Kitchen Supervisor; Mr. Robertson, Associate Warden; Bryan Stirling, Director of S.C.D.C., | ) | |
| Defendants. | ) | |

This matter is before the Court for review of an "Appeal"[1] of United States Magistrate Judge Shiva V. Hodges's Text Orders [ECF Nos. 61 (denying discovery as untimely) and 64 (denying motion to reconsider)] denying a motion seeking to compel discovery [ECF No. 60] and the December 18, 2019 Report and Recommendation (the "Report"), recommending this Court grant summary judgment in favor of the Defendants [ECF No. 81]. The "Appeal" and the Report are discussed below.

1.  **"Appeal" of discovery text order.**

This matter was referred to United States Magistrate Judge Shiva V. Hodges pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for all pretrial matters. During the course of the proceedings, Plaintiff Russell Geissler ("Plaintiff") filed a document titled "Motion to Produce," which outlined interrogatories and requests for production, the purported answers and

---

[1] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). Accordingly, this Court construes Plaintiff's "Appeal" as objections.

1

responses provided by Defendants, and purported deficiencies in the answers and responses as identified by Plaintiff, along with a request that the Defendants provide supplemental answers and responses to address the purported deficiencies. [ECF No. 60.] The Magistrate Judge issued a text order denying the Motion to Produce as untimely. The text order states:

> TEXT ORDER denying 60 Motion to Produce as untimely. It appears Plaintiff served the discovery requests on November 29, 2018, and the deadline for completion of discovery, including time for responses to be served, was December 8, 2018. Additionally, Local Civ. Rule 37.01 (D.S.C.) requires motions to compel to be filed within 21 days of receipt of the allegedly deficient discovery responses. Signed by Magistrate Judge Shiva V. Hodges on 3/4/19. (vhor) (Entered: 03/04/2019)

[ECF No. 61.] Plaintiff moved to reconsider the text order denial, which was also denied by text order. [*See* ECF Nos. 63, 64.] The text order denying the motion to reconsider states:

> TEXT ORDER denying 63 Motion for Reconsideration, as no legal basis for reconsideration is provided. Plaintiff did not receive an extension for discovery because he did not request an extension. It would prejudice Defendants to allow additional time for discovery now because their final deadline for dispositive motions is April 9, 2019. It appears Defendant served responses to the discovery despite the untimeliness of the requests. Further, even if Plaintiff's discovery requests had been timely served, he failed to file a motion to compel until over two months after the discovery responses were due. Therefore, his motion for reconsideration is denied. Signed by Magistrate Judge Shiva V. Hodges on 3/15/19. (vhor) (Entered: 03/15/2019)

[ECF No. 64.] Plaintiff filed an "Appeal of Magistrate Judge Decision" on April 26, 2019. [ECF No. 73.]

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The objections must be filed and served "within 14 days after being served a copy" of the non-dispositive order. Fed. R. Civ. P. 72(a). Further, the Court's

review is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Only if the decision is "clearly erroneous or contrary to law" may the district judge modify or set aside any portion of the decision. *Id.* A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Abdullah-Malik v. Bryant*, No. 1:14-cv-109, 2014 WL 4635567, at *1 (D.S.C. Sept. 15, 2014) (quoting *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011)). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Id.* (citing *Weber v. Jones*, No. 8:12-cv-3349, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014)).

At the outset, this Court notes that Plaintiff's objections to the discovery rulings are untimely. The text order denying the Motion to Produce was filed on March 4, 2019. Plaintiff filed a motion to reconsider on March 15, 2019, which was denied by text order entered and served the same day. [ECF Nos. 64, 65.] Plaintiff's objections were due 14 days later. Fed. R. Civ. P. 72(a). Plaintiff's objections do not include a certificate of service, but the accompanying envelope indicates that the document was received by McCormick Correctional Institution ("MCCI")'s mail room on April 22, 2019, and then received by the United States District Court's Clerk of Court's office on April 26, 2019. [ECF No. 73-2.] The objections were filed on April 26, 2019. [ECF No. 73.] Even assuming Plaintiff's objections were served on the date they entered the MCCI mail room—on April 22, 2019—they were untimely under Rule 72(a) of the Federal Rules of Civil Procedure.

Moreover, having conducted a thorough review of the record, including the March 4, 2019 text order denying Plaintiff's discovery motion, the March 15, 2019 text order denying the motion to reconsider, and Plaintiff's objections filed on April 26, 2019, the Court finds that the Magistrate Judge properly exercised her discretion in denying Plaintiff's discovery motion. In the objections, Plaintiff's only argument is that the scheduling order should have been amended to allow additional time for discovery as to defendants who were served after entry of the initial scheduling order. [ECF No. 73.] Yet, Plaintiff failed to request additional time for discovery or an amendment to the scheduling order. [*See* ECF No. 64.] The Magistrate Judge's decisions were neither clearly erroneous nor contrary to law.

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's order denying his motion to reconsider are without merit. Accordingly, ECF Nos. 61 and 64 are affirmed.

**2. Report recommending summary judgment in favor of Defendants.**

Also before the Court is the December 18, 2019 Report in which the Magistrate Judge recommends granting Defendants Bryan Stirling, Director of the South Carolina Department of Corrections, Warden Williams, Associate Warden Robertson, maintenance employee Wolfe, and Kitchen Supervisor Moss's (together "Defendants") motion for summary judgment [ECF No. 66]. [ECF No. 81.] No party filed objections to the Report, and the time for response has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for

adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein.

3. **Conclusion.**

For the reasons stated herein, this Court finds that Plaintiff's objections to the Text Orders denying his Motion to Produce are untimely and lack merit. Thus, ECF Nos. 61 and 64 are **AFFIRMED**. Further, the Report [ECF No. 81] is adopted and Defendants' Motion for Summary Judgment [ECF No. 66] is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

January 31, 2020
Florence, South Carolina